# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-2005V**
**Filed: August 6, 2025**

---

RICHARD LOMBARDOZZI,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

---

Special Master Horner

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*Camille Jordan Webster, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 29, 2020, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act"). (ECF No. 1.) Petitioner alleged that he suffered a shoulder injury as a result of his influenza vaccination of September 18, 2019. (*Id.*) On September 3, 2024, the undersigned issued a decision awarding compensation based on the parties' joint stipulation. (ECF No. 59.) On February 12, 2025, petitioner filed a motion seeking an award of attorneys' fees and costs. (ECF No. 64.) Petitioner seeks $42,116.11, including $32,801.20 for attorneys' fees, $9,302.91 for attorneys' costs, and $12.00 for petitioner's personal costs. (*Id.* at 2.)

Respondent filed his response on February 26, 2025. (ECF No. 66.) Respondent agrees that the statutory requirements for an award of attorneys' fees and

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

costs have been met.  (*Id.* at 2.)  Noting the special master's discretion regarding attorneys' fees and costs and cautioning that determination of fees "should not result in a second major litigation," "[r]espondent therefore respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3-5.)  However, respondent questions the rate at which petitioner's expert billed and requests a "case-by-case" determination of the expert's reasonable hourly rate.  (*Id.* at 4.)

The undersigned has reviewed the billing records submitted with petitioner's request.  (ECF No. 64, pp. 5-28.)  In the undersigned's experience, the request appears reasonable overall, and the undersigned finds no cause to reduce the requested hours or rates.  Additionally, pursuant to Vaccine Rule 13(a)(3), "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision."   The costs also appear to be reasonable and sufficiently documented.  (ECF No. 64, pp. 30-47.)  Of the requested costs, $8,250 were incurred for the expert services of Dr. Shawn Bird, a neurologist who billed at rate of $500 per hour.  (*Id.* at 45.)  I have considered respondent's concern regarding expert rates, but I am satisfied that this rate is reasonable.  *E.g.*, *Breault ex rel. A.B. v. Sec'y of Health & Human Servs.*, No. 22-1220V, 2025 WL 2028524, at *5 (Fed. Cl. Spec. Mstr. June 25, 2025) (noting prior cases in which neurologists reasonably billed $500 per hour).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $42,116.11, representing $42,104.11 for reimbursement of attorneys' fees and costs and $12.00 for reimbursement of petitioner's personally incurred costs, to be paid through an ACH deposit to petitioner's counsel of record, Ronald Craig Homer's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

> **s/Daniel T. Horner**
> Daniel T. Horner
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.